UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUISA FRANCO, individually and on behalf of others similarly situated,<br><br>           Plaintiff,<br><br>     -against-<br><br>STARDUST DINERS, INC. d/b/a Colony Diner, GEORGE STRIFAS, and THOMAS STRIFAS,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff LUISA FRANCO individually and on behalf of other similarly situated employees by and through her attorneys, FISHER TAUBENFELD LLP, allege against Defendants STARDUST DINERS, INC. d/b/a Colony Diner ("Colony" or the "Corporate Defendant"), GEORGE STRIFAS ("G. Strifas"), and THOMAS STRIFAS ("T. Strifas") (the Corporate Defendant, G. Strifas and T. Strifas are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Defendant Colony is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 2019 Hempstead Turnpike, East Meadow, NY 11554.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Upon information and belief, Defendants G. Strifas and T. Strifas reside in the State of New York and are owners, managers and/or employees of the Corporate Defendant.

9. Upon information and belief, the Corporate Defendant is the owner of Colony Diner ("Restaurant"), which is engaged in the business of serving food and drink to customers and is located at 2019 Hempstead Turnpike, East Meadow, NY 11554

10. The Restaurant is an American-themed restaurant. Defendants employ waitress, cooks, busboys, and other employees in both the front and back of the house all of

whom, upon information and belief, are paid less than required under federal and New York State law for their work each day

11. Upon information and belief Defendants G. Strifas and T. Strifas are principals and officers of Colony.

12. Defendants G. Strifas and T. Strifas possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

13. Defendants G. Strifas and T. Strifas approve the payroll practices for Colony's employees, including Plaintiff.

14. Defendants G. Strifas and T. Strifas possess operational control over Colony and its employees through their financial control over Colony.

15. Plaintiff has been employed by Defendants to work as a waitress within the last six (6) years.

16. Defendants G. Strifas and T. Strifas are engaged in business in the County of Nassau. They are sued individually in their capacities as owners, officers, employees, and/or agents of the Corporate Defendant.

17. Defendants G. Strifas and T. Strifas exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

18. Defendants G. Strifas and T. Strifas, as one of the ten largest shareholders of the Corporate Defendant, are individually responsible for unpaid wages under the New York Business Corporation Law (Exhibit 1).

19. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

20. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by federal and state law and regulations;

   ii. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

   iii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6; and

   iv. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

21. Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215 and the NYLL's retaliation provision, NYLL §215.

22. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

I. **Defendants' Wage and Hour Violations.**

23. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

24. Defendants have maintained a policy and practice to not pay Plaintiff and other similarly situated employees in accordance with federal and New York State minimum wage laws.

25. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

26. Defendants have maintained a policy and practice of failing to properly pay their employees.

27. Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with wage notices and paystubs.

A. **Plaintiff's Schedule and Pay.**

28. Plaintiff worked for Defendants as a waitress from approximately October 2015 until December 1, 2015.

29. Defendants hired Plaintiff in August 2017 as a waitress, a position she held until Defendants terminated her in January 2018.

30. Plaintiff worked five days a week until September 2017, when she began working six days a week. Plaintiff's schedule was generally from 9:00 a.m. or 11:00 a.m. to 5:00 p.m., although she regularly began to work approximately 15 minutes before her shift.

5

31. As a result, throughout her employment, Plaintiff regularly worked more than 40 hours a week.

32. Defendants failed to pay Plaintiff properly for those hours. Instead, they generally paid her $3 per hour for most of her hours, well below the minimum wage under federal and New York State law.

33. In addition, Defendants did not pay her any extra pay for her overtime hours.

### B. Additional Wage Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations

34. Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

35. Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

36. Defendants also did not provide Plaintiff with a paystub specifying the pay period, her hourly rate of pay, the regular and overtime hours she worked, or all the other information required under NYLL § 195.

37. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

#### 2. Defendants' Retaliation Against Plaintiff Because of Her Complaints About Wages

38. Defendants terminated Plaintiff because she complained about being paid unlawfully under federal and state law.

6

39. On and about January 17, 2018, T. Strifas directed Plaintiff to work on a snow day even though, given the lack of clientele, her presence was not necessary.

40. In response, Plaintiff complained that she was not being paid properly for the work that she was performing. Approximately a week later, Defendants unlawfully terminated her employment.

## II. Collective Action Allegations.

41. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

42. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

43. Upon information and belief, there are at least 40 waitress, cooks, busboys, and other employees in both the front and back of the house performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

44. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wages and overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

45. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

46. Plaintiff brings this action collectively on behalf of herself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as waitress, cooks, busboys, and other employees in both the front and back of the house on or after the date that is six (6) years before the filing of the instant Complaint.

47. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

48. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

49. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

50. Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

51. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

52. Plaintiff brings the third through fifth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

### FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA against all Defendants)

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

55. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

56. Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

59. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures,

protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

60. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL against all Defendants)**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants knowingly and willfully paid the Plaintiff and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

63. Defendants' failure to pay the Plaintiff and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

64. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(Overtime Wage Violations under NYLL against all Defendants)**

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

67. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

68. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(NYLL Failure to Notify against all Defendants)**

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

71. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

72. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

73. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**(New York Labor Law Retaliation Against all Defendants)**

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. New York State Labor Law § 215 prohibits an employer from terminating or disciplining an employee because" such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

76. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL

77. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**(FLSA Retaliation against all Defendants)**

78. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

80. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

81. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: August 10, 2018
      New York, New York

Respectfully submitted,

_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

**EXHIBIT 1**

# DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES

TO:   STARDUST DINERS, INC. d/b/a Colony Diner

    PLEASE TAKE NOTICE that LUISA FRANCO, as an employee of the above corporation who intends to demand, pursuant to the provisions of Section 630 of the New York Business Corporation Law, payment of debts, wages and/or salaries due and owing to her as a laborer, servant and/or employee of the above business corporation for services performed by her for the above business corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above business corporation, and who has expressly authorized the undersigned, as her attorney, to make this demand on her behalf,

    HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above business corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: August 10, 2018
       New York, New York

                                            FISHER TAUBENFELD LLP

                                            Michael Taubenfeld
                                            225 Broadway, Suite 1700
                                            New York, New York 10007
                                            Phone: (212) 571-0700
                                            Facsimile: (212) 505-2001
                                            *ATTORNEYS FOR PLAINTIFF*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO: GEORGE STRIFAS and THOMAS STRIFAS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the New York Business Corporation Law, you are hereby notified that LUISA FRANCO intends to charge you and hold you personally liable as one of the ten largest shareholders of STARDUST DINERS, INC. d/b/a Colony Diner, for all debts, wages, and/or salaries due and owing to her as a laborer, servant and/or employee of the said business corporation for services performed by her for the said business corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as her attorney, to make this demand on her behalf.

Dated: August 10, 2018
      New York, New York

FISHER TAUBENFELD LLP

_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

**EXHIBIT 2**

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Colony Diner and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Luisa J. Franco
NAME

Luisa M. Franco
SIGNATURE

7/15/18
DATE