FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

June 20, 2019

**VIA ECF**
Hon. Sandra J. Feuerstein
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

        Re: Franco v. Stardust Diners, Inc. et al.
        Case No.: 18-cv-04537 (SJF)(AYS)

Dear Judge Feuerstein:

        We represent Plaintiff in this matter. We write to request that the Court reinstate this matter because Defendants have breached their arbitration agreement by failing to pay their share of the filing fee to the American Arbitration Association, which resulted in the AAA closing the arbitration.

        In August 2018, Plaintiff filed her complaint in this action alleging that the Defendants had violated the FLSA and NYLL. Defendants subsequently filed a motion to dismiss and to compel arbitration based on an arbitration agreement that Defendants purport that Plaintiff signed. The Court granted Defendants' motion on consent on February 25, 2019.

        In early April, in accordance with the arbitration agreement purportedly executed by the parties, Plaintiff filed a Demand for Arbitration with the AAA, along with the required filing fee. Plaintiff sent a copy the Defendants' counsel and upon learning that Defendants' counsel had curiously not been retained to represent Defendants in the AAA matter, sent by Fedex copies to each Defendant.

        Defendants, however, ignored Plaintiff's Demand for Arbitration and failed to pay their share of the AAA's filing fee. The AAA sent Defendants' counsel and/or the corporate defendant letters on three occasions demanding that Defendants pay their share of the filing fee (see attached letters). In each case the letters appear to have gone unanswered, and Defendants did not pay their share of the filing fee. Finally, on June 14, 2019, the AAA closed the arbitration.

        Defendants' failure to pay the AAA filing fee constitutes a breach of the arbitration agreement and permits the Plaintiff to file in court. See, e.g., Gomez v. MLB Enterprises, Corp., No. 15-CV-3326(CM), 2018 WL 3019102, at *11 (S.D.N.Y. June 5, 2018). Given that Defendants

have breached their arbitration agreement and AAA has closed the arbitration, Plaintiff respectfully requests that this case be reopened. Should this Court decline to reopen this case, Plaintiff will be left without a forum to litigate her claims, which would obviously place Plaintiff in an unfair position.

        Should the Court require full briefing on this issue, Plaintiff is prepared to file a motion when convenient to the Court.

        Thank you for your attention to the above.

        Sincerely,
        **----------------/s/-----------**
        Michael Taubenfeld

Encl.



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

April 18, 2019

Michael Taubenfeld, Esq.
Fisher Taubenfeld, LLP
225 Broadway
Suite 1700
New York, NY 10007
Via Email to: michael@fishertaubenfeld.com

Jamie S. Felsen, Esq.
Milman Labuda Law Group LLC
3000 Marcus Avenue
Suite 3W8
Lake Success, NY 11042
Via Email to: jamiefelsen@mllaborlaw.com

Case Number: 01-19-0001-0657

Luisa Franco
-vs-
Thomas Strifas, George Strifas &
Stardust Diners, Inc.

Dear Respondent:

We have not yet received payment from the employer to cover their portion of the filing fee, as described in our letter dated April 10, 2019. **The employer is requested to pay $2,000.00 to the AAA by April 25, 2019.** The employer's share of the fee is due regardless of whether the case settles.

If payment was already sent, please accept our apologies and disregard this letter. If this non-payment is simply an oversight on the employer's behalf, we trust payment will be made promptly.

We hope that this situation does not escalate to this level, but we want you to be aware that it is the policy of the AAA that if an employer does not comply with our request to pay the administrative fees stated in the Employment/Workplace Fee Schedule, the AAA may decline to administer future cases involving that employer. In addition, the employer may be requested to remove the AAA as the provider organization from their employment arbitration clauses.

Payment may be made by check, money order or credit card. Please notify me if you wish to pay by credit card and I will provide instructions for submitting payment through our website. Please make checks/money orders payable to the American Arbitration Association and direct payments to the address above. Please reference the above case number to ensure that payment is properly applied.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentfiling@adr.org
(856) 679-4610

AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

May 6, 2019

Michael Taubenfeld, Esq.
Fisher Taubenfeld, LLP
225 Broadway
Suite 1700
New York, NY 10007
Via Email to: michael@fishertaubenfeld.com

Stardust Diners, Inc.
2019 Hempstead Turnpike
East Meadow, NY 11554
Via Mail

Case Number: 01-19-0001-0657

Luisa Franco
-vs-
Thomas Strifas, George Strifas &
Stardust Diners, Inc.

Dear Parties:

The outcome of our preliminary administrative review, which is subject to review by the arbitrator, is that this dispute will be administered in accordance with the AAA Employment Arbitration Rules and Employment Due Process Protocol, which can be found on our website, www.adr.org.

In cases before a single arbitrator, a non-refundable filing fee of $300.00, is due from the employee when a claim is filed, unless the arbitration agreement provides that the employee pay less. A non-refundable fee of $1,900.00 is due from the employer, unless the arbitration agreement provides that the employer pay more.

We have received the employee's portion of the filing fee in the amount of $200.00. Accordingly, we request that the employer pay its share of the filing fee in the amount of **$2,000.00** on or before **May 20, 2019**. Upon receipt of the balance of the filing fee, the AAA will proceed with administration.

Payment may be submitted via check, money order, or credit card. Money orders and checks should be made payable to the American Arbitration Association and sent to Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. Please notify me if you wish to pay by credit card and I will provide instructions for submitting payment through our website. When submitting payment, please reference the above case number to ensure that payment is properly applied.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay all of the arbitrator's fees and expenses.

Please note: no answering statement or counterclaim is due at this time. The AAA will notify the parties of the

response deadlines when all fees have been received.

If you have any questions, please email the Employment Filing Team at employmentFiling@adr.org and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentFiling@adr.org
(856) 679-4610

cc:



1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

May 22, 2019

Michael Taubenfeld, Esq.
Fisher Taubenfeld, LLP
225 Broadway
Suite 1700
New York, NY 10007
Via Email to: michael@fishertaubenfeld.com

Stardust Diners, Inc.
2019 Hempstead Turnpike
East Meadow, NY 11554
Via Mail

Case Number: 01-19-0001-0657

Luisa Franco
-vs-
Thomas Strifas, George Strifas &
Stardust Diners, Inc.

Dear Respondent:

We have not yet received payment from the employer to cover their portion of the filing fee, as described in our letter dated May 6, 2019. **The employer is requested to pay $2,000.00 to the AAA by June 5, 2019.** The employer's share of the fee is due regardless of whether the case settles.

If payment was already sent, please accept our apologies and disregard this letter. If this non-payment is simply an oversight on the employer's behalf, we trust payment will be made promptly.

We hope that this situation does not escalate to this level, but we want you to be aware that it is the policy of the AAA that if an employer does not comply with our request to pay the administrative fees stated in the Employment/Workplace Fee Schedule, the AAA may decline to administer future cases involving that employer. In addition, the employer may be requested to remove the AAA as the provider organization from their employment arbitration clauses.

Payment may be made by check, money order or credit card. Please notify me if you wish to pay by credit card and I will provide instructions for submitting payment through our website. Please make checks/money orders payable to the American Arbitration Association and direct payments to the address above. Please reference the above case number to ensure that payment is properly applied.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentfiling@adr.org

(856) 679-4610

AMERICAN
ARBITRATION | INTERNATIONAL CENTRE
ASSOCIATION | FOR DISPUTE RESOLUTION

1101 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856)435-6401

June 14, 2019

Michael Taubenfeld, Esq.
Fisher Taubenfeld, LLP
225 Broadway
Suite 1700
New York, NY 10007
Via Email to: michael@fishertaubenfeld.com

Stardust Diners, Inc.
2019 Hempstead Turnpike
East Meadow, NY 11554
Via Mail

Case Number: 01-19-0001-0657

Luisa Franco
-vs-
Thomas Strifas, George Strifas &
Stardust Diners, Inc.

Dear Parties:

The employer has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the employee will be refunded under separate cover.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
(856) 679-4610

cc: