UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LUISA FRANCO, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,

           Plaintiff,

v.

STARDUST DINERS, INC. D/B/A COLONY DINER, GEORGE STRIFAS, AND THOMAS STRIFAS,

           Defendants.

------------------------------------------------------------X

Case No.: 1:18-cv-04537

**ANSWER**

Defendants Stardust Diners, Inc. d/b/a Colony Diner, George Strifas and Thomas Strifas, ("Defendants") by and through the undersigned attorneys, Milman Labuda Law Group PLLC, hereby file this Answer to Luisa Franco's Original Complaint ("Complaint").

## AS TO "JURISDICTION AND VENUE"

1. The allegations in ¶ 1 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 1 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

2. The allegations in ¶ 2 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 2 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "THE PARTIES"

3. Defendants admit the truth of the allegations contained in ¶ 3 of the Complaint.

4. Defendants admit the truth of the allegations contained in ¶ 4 of the Complaint.

5. Defendants deny the truth of the allegations contained in ¶ 5 of the Complaint.

6. The allegations in ¶ 6 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 6 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

7. The allegations in ¶ 7 of the Complaint purport to set forth legal conclusions to which no response is required. To the extent that ¶ 7 sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

8. Defendants deny the truth of the allegations contained in ¶ 8 of the Complaint.

9. Defendants deny the truth of the allegations contained in ¶ 9 of the Complaint.

10. Defendants deny the truth of the allegations contained in ¶ 10 of the Complaint.

11. Defendants deny the truth of the allegations contained in ¶ 11 of the Complaint.

12. Defendants deny the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendants deny the truth of the allegations contained in ¶ 13 of the Complaint.

14. Defendants deny the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendants admit the truth of the allegations contained in ¶ 15 of the Complaint.

16. Defendants deny the truth of the allegations contained in ¶ 16 of the Complaint.

17. Defendants deny the truth of the allegations contained in ¶ 17 of the Complaint.

18. Defendants deny the truth of the allegations contained in ¶ 18 of the Complaint.

19. Defendants deny the truth of the allegations contained in ¶ 19 of the Complaint.

## AS TO "NATURE OF THE ACTION"

20. Defendants deny the truth of the allegations contained in ¶ 20 of the Complaint.

21. Defendants deny the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendants deny the truth of the allegations contained in ¶ 22 of the Complaint.

## AS TO "FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

23. Defendants deny the truth of the allegations contained in ¶ 23 of the Complaint.

24. Defendants deny the truth of the allegations contained in ¶ 24 of the Complaint.

25. Defendants deny the truth of the allegations contained in ¶ 25 of the Complaint.

26. Defendants deny the truth of the allegations contained in ¶ 26 of the Complaint.

27. Defendants deny the truth of the allegations contained in ¶ 27 of the Complaint.

### A. Plaintiffs Schedule and Pay.

28. Defendants deny the truth of the allegations contained in ¶ 28 of the Complaint.

29. Defendants deny the truth of the allegations contained in ¶ 29 of the Complaint.

30. Defendants deny the truth of the allegations contained in ¶ 30 of the Complaint.

31. Defendants deny the truth of the allegations contained in ¶ 31 of the Complaint.

32. Defendants deny the truth of the allegations contained in ¶ 32 of the Complaint.

33. Defendants deny the truth of the allegations contained in ¶ 33 of the Complaint.

### B. Additional Wage Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations

34. Defendants deny the truth of the allegations contained in ¶ 34 of the Complaint.

35. Defendants deny the truth of the allegations contained in ¶ 35 of the Complaint.

36. Defendants deny the truth of the allegations contained in ¶ 36 of the Complaint.

37. Defendants deny the truth of the allegations contained in ¶ 37 of the Complaint.

## 2.  Defendants' Retaliation Against Plaintiff Because of Her

## Complaints About Wages

38. Defendants deny the truth of the allegations contained in ¶ 38 of the Complaint.

39. Defendants deny the truth of the allegations contained in ¶ 39 of the Complaint.

40. Defendants deny the truth of the allegations contained in ¶ 40 of the Complaint.

41. Defendants deny the truth of the allegations contained in ¶ 41 of the Complaint.

42. Defendants deny the truth of the allegations contained in ¶ 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the truth of the allegations contained in ¶ 45 of the Complaint.

46. Defendants deny the truth of the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the truth of the allegations contained in ¶ 47 of the Complaint.

48. Defendants deny the truth of the allegations contained in ¶ 48 of the Complaint.

49. Defendants deny the truth of the allegations contained in ¶ 49 of the Complaint.

50. Defendants deny the truth of the allegations contained in ¶ 50 of the Complaint.

51. Defendants deny the truth of the allegations contained in ¶ 51 of the Complaint.

52. Defendants deny the truth of the allegations contained in ¶ 52 of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF"

## (Minimum Wage Violations under the FLSA against all Defendants)

53. Defendants deny the truth of the allegations contained in ¶ 53 of the Complaint.

54. Defendants deny the truth of the allegations contained in ¶ 54 of the Complaint.

55. Defendants deny the truth of the allegations contained in ¶ 55 of the Complaint.

56. Defendants deny the truth of the allegations contained in ¶ 56 of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF"

### (Overtime Wage Violations under the FLSA against all Defendants)

57. Defendants deny the truth of the allegations contained in ¶ 57 of the Complaint.

58. Defendants deny the truth of the allegations contained in ¶ 58 of the Complaint.

59. Defendants deny the truth of the allegations contained in ¶ 59 of the Complaint.

60. Defendants deny the truth of the allegations contained in ¶ 60 of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF"

### (Minimum Wage Violations under NYLL against all Defendants)

61. Defendants deny the truth of the allegations contained in ¶ 61 of the Complaint.

62. Defendants deny the truth of the allegations contained in ¶ 62 of the Complaint.

63. Defendants deny the truth of the allegations contained in ¶ 63 of the Complaint.

64. Defendants deny the truth of the allegations contained in ¶ 64 of the Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF"

### (Overtime Wage Violations under NYLL against all Defendants)

65. Defendants deny the truth of the allegations contained in ¶ 65 of the Complaint.

66. Defendants deny the truth of the allegations contained in ¶ 66 of the Complaint.

67. Defendants deny the truth of the allegations contained in ¶ 67 of the Complaint.

68. Defendants deny the truth of the allegations contained in ¶ 68 of the Complaint.

## AS TO "FIFTH CLAIM FOR RELIEF"

### (NYLL Failure to Notify against all Defendants)

69. Defendants deny the truth of the allegations contained in ¶ 69 of the Complaint.

70. Defendants deny the truth of the allegations contained in ¶ 70 of the Complaint.

71. Defendants deny the truth of the allegations contained in ¶ 71 of the Complaint.

72. Defendants deny the truth of the allegations contained in ¶ 72 of the Complaint.

73. Defendants deny the truth of the allegations contained in ¶ 73 of the Complaint.

## AS TO "SIXTH CLAIM FOR RELIEF"

### (New York Labor Law Retaliation Against all Defendants)

74. Defendants deny the truth of the allegations contained in ¶ 74 of the Complaint.

75. Defendants deny the truth of the allegations contained in ¶ 75 of the Complaint.

76. Defendants deny the truth of the allegations contained in ¶ 76 of the Complaint.

77. Defendants deny the truth of the allegations contained in ¶ 77 of the Complaint.

## AS TO "SEVENTH CLAIM FOR RELIEF"

### (FLSA Retaliation against all Defendants)

78. Defendants deny the truth of the allegations contained in ¶ 78 of the Complaint.

79. Defendants deny the truth of the allegations contained in ¶ 79 of the Complaint.

80. Defendants deny the truth of the allegations contained in ¶ 80 of the Complaint.

81. Defendants deny the truth of the allegations contained in ¶ 81 of the Complaint.

## PRAYER FOR RELIEF

In response to all non-numbered paragraphs, exhibits, and each and every substantive allegation of the Complaint not encompassed in the above responses, Defendants deny that they violated the law and/or that Plaintiff was harmed in any way.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST DEFENSE**

The complaint fails to state a cause of action against the answering Defendants upon which relief can be granted.

**SECOND DEFENSE**

The alleged causes of action against Defendants are time barred in that Plaintiff failed to bring this action within the applicable state of limitations periods.

**THIRD DEFENSE**

Defendants are entitled to the protections under General Obligations Law 15-108. In the event that Plaintiff settled their claim against one or more of the answering Defendants, these answering Defendants reserve the right to assert an offset pursuant to section 15-108 of the General Obligation Law.

**FOURTH DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

**FIFTH DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendants took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendants were made aware of Plaintiff's complaints.

**SIXTH DEFENSE**

Defendants have established and complied with policies and procedures for the prevention and detection of unlawful discriminatory practices by employees and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm otherwise.

### SEVENTH DEFENSE

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

### EIGHTH DEFENSE

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

### NINTH DEFENSE

Any and all wrongful conduct alleged by Plaintiff was a business necessity.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendants knew or should have known of alleged discriminatory, harassing or retaliatory treatment of Plaintiff or that Defendants acquiesced at any such alleged treatment.

### ELEVENTH DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

### TWELFTH DEFENSE

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

### THIRTEENTH DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred as Defendants' alleged actions were justified by its good faith but mistaken belief.

**FOURTEENTH DEFENSE**

Any unlawful or wrongful acts, to the extent they exist, taken by Defendants' agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendants nor did Defendants know nor should have known of such acts.

**FIFTEENTH DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendants' alleged actions were based on a legitimate nondiscriminatory reason.

**SIXTEENTH DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred on the ground that to the extent Plaintiff did work any overtime, which Defendants deny because Plaintiff was exempt, such work was not authorized by Defendants and performed without Defendants' knowledge.

**SEVENTEENTH DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was not a covered employee at the time the alleged wrongful conduct occurred.

**EIGHTEENTH DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred as Defendants' alleged actions were not a substantial motivating reason for the alleged adverse employment action.

### NINETEENTH DEFENSE

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

### TWENTIETH DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred or at least limited, by the doctrine of unknown hours worked.

### TWENTY-FIRST DEFENSE

Plaintiff has been paid all monies owed to her.

### TWENTY-SECOND DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to their claims.

### TWENTY-THIRD DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

### TWENTY-FOURTH DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiff was taken in good faith.

**TWENTY-FIFTH DEFENSE**

Plaintiff is not entitled to liquidated damages pursuant to the New York Labor Law and/or the FLSA because at all times Defendants acted in good faith and had reasonable grounds for believing that their acts and/or omissions were not a violation.

**TWENTY-SIXTH DEFENSE**

Defendants' actions regarding payroll practices and compliance with the New York Labor Law and/or the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the New York Labor Law and/or the FLSA.

**TWENTY-SEVENTH DEFENSE**

This action is barred, in whole or in part, as to all the hours allegedly worked by Plaintiff that were not reported in accordance with any applicable policies or procedures.

**TWENTY-EIGHTH DEFENSE**

This action is barred, in whole or in part, as to all hours allegedly worked of which Defendants lack actual or constructive knowledge.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

**THIRTIETH DEFENSE**

The allegations of the Complaint are insufficient to entitle Plaintiff to punitive damages. Defendants' conduct was not willful, wanton and/or egregious and punitive damages are not available on Plaintiff's FLSA and State Labor Law claims.

**THIRTY-FIRST DEFENSE**

The allegations of the Complaint are insufficient to entitle Plaintiff to an award of attorneys' fees.

**THIRTY-SECOND DEFENSE**

Plaintiff was not employed by each and every Defendant.

**THIRTY-THIRD DEFENSE**

If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extend paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above their wages.

**THIRTY-FOURTH DEFENSE**

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Defendants for periods not compensable under the Fair Labor Standards Act and the New York Labor Law.

**THIRTY-FIFTH DEFENSE**

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or New York Labor Law.

**THIRTY-SIXTH DEFENSE**

Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

**THIRTY-SEVENTH DEFENSE**

To the extent that Plaintiff engaged in misconduct, prior to or during his employment which would have resulted in denial of his employment or in termination of his employment, had said acts or omissions been known to Defendants, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

### **THIRTY-EIGHTH DEFENSE**

Defendants deny that Plaintiff suffered any emotional distress as a result of actions taken by Defendants, and any emotional distress suffered by Plaintiff is attributable to causes wholly independent of Defendants' alleged actions.

### **THIRTY-NINTH DEFENSE**

Defendants have met and satisfied any and all obligations to Plaintiff that arose out of and during her employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### **ADDITIONAL DEFENSES RESERVED**

Defendants reserve the right to amend this Answer to assert additional defenses as the claims of Plaintiff become more fully disclosed during the course of the litigation.

WHEREFORE, Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

Dated: August 7, 2019          Respectfully submitted,

                                         MILMAN LABUDA LAW GROUP PLLC

By:    s/ *Brett W. Joseph, Esq*
       Brett W. Joseph
       3000 Marcus Ave. Ste 3W8
       Lake Success, NY, 11402
       516-328-8899
       brett@mllaborlaw.com

       *Attorneys for Defendant*
       *Stardust Diners, Inc. d/b/a Colony Diner,*
       *George Strifas and Thomas Strifas*